**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                      )
NAUTILUS INSURANCE COMPANY,            )
                                      )
                 Plaintiff,            )
                                      )          Civil Action
v.                                     )          No. 21-11864-PBS
                                      )
ARCILIO M. MOURA, JOHN DUPREE,         )
MOURA ELECTRIC, INC., DONNA            )
STOCKBRIDGE AND WALLACE                )
STOCKBRIDGE,                           )
                                      )
                 Defendants.           )
_____)

**MEMORANDUM AND ORDER**

April 28, 2023

Saris, D.J.

**INTRODUCTION**

Plaintiff Nautilus Insurance ("Nautilus") moves for summary judgment seeking a declaration that it has no duty to defend Defendants Moura Electric, Inc. and Arcilio M. Moura (collectively, "Moura Electric") in state court litigation involving workplace injuries on Moura Electric's demolition project.[1] Nautilus issued a commercial general liability insurance policy ("Policy") to Moura Electric. In the underlying actions in

---

[1] The Amended Complaint seeks declaratory relief on Count I (Injury to Workers Exclusion [L205] - Stockbridge); Count II (Injury to Workers Exclusion [L205] - Dupree); Count III (Contractor and Subcontractor Endorsement Exclusion [L282] - Stockbridge); Count IV (Contractor and Subcontractor Endorsement Exclusion [L282] - Dupree).

state court, John Dupree and Wallace Stockbridge separately sued Moura Electric after falling off the second floor of a building and sustaining severe injuries. Nautilus agreed to defend Moura Electric pursuant to a full reservation of its rights but argues both actions fall within the exclusions. After hearing, Nautilus' Motion for Summary Judgment (Dkt. 27) is **ALLOWED** on Counts I and II and **DENIED** on Counts III and IV.

## BACKGROUND

The following facts are undisputed except where stated.

### I.   The Accident

Moura Electric is a Massachusetts corporation headquartered in Hudson, Massachusetts. Nautilus is an insurance company incorporated in Arizona that insured Moura Electric under Policy No. NN857725, which provides commercial general liability insurance. Arcilio Moura is Moura Electric's principal and is also insured under the Policy.

The underlying complaints in Middlesex County Superior Court allege the following facts. In 2018, Moura Electric started a demolition project on property it owned at 34-36 Curve Street in Natick, Massachusetts. Moura Electric employed John Dupree ("Dupree") in early September to work on site. Wallace Stockbridge ("Stockbridge") was employed by Dupree to also work on site. On September 20, 2018, Stockbridge and Dupree were disposing of materials on the second floor roof. Moura instructed the men to

throw the cast iron radiators off the deck and into the dumpster. While rolling a radiator off the deck, Dupree's pant leg caught on the radiator and he began to fall. Stockbridge tried to reach and grab him, but was pulled down as well. Both men fell to the ground and suffered extensive injuries. Dupree's and Stockbridge's medical care each totaled more than $200,000. Dupree and Stockbridge both allege that Moura Electric did not provide a safe work environment or properly supervise the worksite.

## II.  **The Policy**

Nautilus provided a commercial general liability policy to Moura Electric, the "named insured," for the period from December 12, 2017 to December 12, 2018. The Policy provides coverage for bodily injury and property damage subject to certain exclusions. The L205 endorsement exclusion provides:

> **EXCLUSION – INJURY TO EMPLOYEES, CONTRACTORS, VOLUNTEERS AND OTHER WORKERS**
> . . .
> This insurance does not apply to:
> **e. Injury to Employees, Contractors, Volunteers and Other Workers**
> "Bodily injury" to:
> (1)  "Employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors of any insured; or
> (2)  Any insured's contractors', subcontractors', or independent contractors' "employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors
> arising out of and in the course of:

> (a) Employment by an insured; or
> (b) Directly or indirectly performing duties related to the conduct of any insured's business; or
> (3) The spouse, child, parent, brother or sister of that "employee", "leased worker", "temporary worker", "voluntary worker", statutory "employee", casual worker, seasonal worker, contractor, subcontractors, or independent contractor arising out of Paragraph **(1)** or **(2)** above.
> This exclusion applies:
> (1) Regardless of where the:
> (a) Services are performed; or
> (b) "Bodily injury" occurs; and
> (2) Whether any insured may be liable as an employer or in any other capacity; and
> (3) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

Dkt. 30-6 at 35.

In Section II of the Policy, entitled "Who is an Insured," the term "insured" includes "'employees' . . . but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business." Dkt. 30-6 § II(2)(a), at 18-19. However, none of these employees are insured for bodily injury to a "co-'employee' while in the course of his or her employment or performing duties related to the conduct of your business . . . ." Id. § II(2)(a)(1)(a), at 19.

The L282 endorsement exclusion states:

**EXCLUSION – CONTRACTORS AND SUBCONTRACTORS**
. . .
This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of work performed by any contractor or subcontractor whether hired by or on

behalf of any insured, or any acts or omissions in connection with the general supervision of such work.

Dkt. 30-6 at 40.

## DISCUSSION

Nautilus alleges that Dupree and Stockbridge are both excluded from coverage because Dupree is a subcontractor and Stockbridge is an employee of a subcontractor. Moura Electric claims that Stockbridge was employed by Dupree, who is not alleged to be a subcontractor in the underlying complaints against Moura Electric and is therefore covered by the Policy. Wallace and Donna Stockbridge also assert that the Policy's exclusions are deceptive and misleading in violation of Massachusetts state law.

## I.   Duty to Defend

Courts determine an insurer's duty to defend by "compar[ing] the allegations in the underlying complaint against the provisions of the insurance policy." Lionbridge Techs., LLC v. Valley Forge Ins. Co., 53 F.4th 711, 719 (1st Cir. 2022) (quoting Deutsche Bank Nat'l Ass'n v. First Am. Title Ins. Co., 991 N.E.2d 638, 641 (Mass. 2013)). The facts alleged in a complaint do not need to "specifically and unequivocally make out a claim within the coverage." Billings v. Commerce Ins. Co., 936 N.E.2d 408, 414 (Mass. 2010) (quoting Sterilite Corp. v. Continental Cas. Co., 458 N.E.2d 338, 341 (Mass. App. Ct. 1983)). Rather, the allegations simply need to be "reasonably susceptible of an interpretation

that states or roughly sketches a claim covered by the policy terms." Id. The insurer is relieved of the duty to defend only when the "allegations in the underlying complaint lie expressly outside the policy coverage and its purpose . . . ." Herbert A. Sullivan, Inc. v. Utica Mut. Ins. Co., 788 N.E.2d 522, 531 (Mass. 2003) (cleaned up).

Initially, the insured "bears the burden of showing that the allegations in the underlying complaint fit within the covered risks in the policy." Essex Ins. Co. v. BloomSouth Flooring Corp., 562 F.3d 399, 404 (1st Cir. 2009). Once the insured meets this burden, the burden shifts to the insurer to demonstrate "the applicability of one or more separate and distinct exclusionary provisions." B&T Masonry Const. Co. v. Pub. Serv. Mut. Ins. Co., 382 F.3d 36, 39 (1st Cir. 2004). Any ambiguity in an exclusion is "construed strictly against the insurer." Id.

The Massachusetts Supreme Judicial Court has recognized two categories of extrinsic evidence that can be considered in a duty to defend dispute: (1) "undisputed, readily knowable, and publicly available information in court records that demonstrates that the insurer has no duty to defend" and (2) "undisputed extrinsic fact that takes the case outside the coverage and that will not be litigated at the trial of the underlying action." Metro. Prop. and Cas. Ins. Co. v. Morrison, 951 N.E.2d 662, 668 (Mass. 2011) (cleaned up). Otherwise, an insurer "may not use extrinsic evidence

to avoid its duty to defend by challenging the allegations in the complaint" in the underlying suit. <u>Biochemics, Inc. v. Axis Reinsurance Co.</u>, 963 F. Supp.2d 64, 69-70 (D. Mass. 2013).

## II.  **The Policy**

Nautilus does not dispute that Moura Electric has met its initial burden of proving that the allegations in the underlying suit fall within coverage for bodily injury in the Policy. Nautilus contends, though, that it has no duty to defend Moura Electric in the underlying suits because the claims fall within the scope of the L205 and L282 endorsement exclusions. To meet its burden, Nautilus asserts it is undisputed that Dupree is a subcontractor for Moura Electric, the insured, and Stockbridge was Dupree's employee.

### A.  L205 Exclusion

The analysis must begin with the allegations in the state court complaints. Dupree alleged that he "was employed by the Defendants Moura and Moura Electric to perform demolition work at premises located" on Curve Street in Natick, Massachusetts. Dkt. 30-2 ¶ 4, at 7. Because an "employee" of Moura Electric, the named insured, is excluded from coverage under L205 ¶ e(1), Nautilus has no duty to defend Dupree's claims against Moura Electric for bodily injury.

However, the analysis is more complicated with respect to Stockbridge because the parties dispute the interpretation of the

Stockbridges' state court complaint which states that Stockbridge "was employed by John Dupre[e] to perform demolition work" on Curve Street. Dkt. 30-1 ¶ 5, at 3. There are no allegations in the state court complaints that Dupree was a subcontractor, rather than just an employee of Moura. Nautilus points to extrinsic evidence to support its claim that Dupree was a subcontractor, highlighting Moura Electric's answer to Nautilus' Complaint stating that "[t]he defendants admit that Arcilio Moura, acting on behalf of Moura Electric, Inc., hired John Dupre[e] as demolition subcontractor for this job." Dkt. 14 ¶ 13, at 2.

Conversely, Moura Electric points out that Dupree insisted he was an employee in the workers' compensation proceedings before the Department of Industrial Accidents; Moura Electric took the position he was a subcontractor. The case settled and the issue was never resolved. Because the extrinsic evidence is disputed, under state law, this extrinsic evidence cannot contradict the allegations in Dupree's complaint that he was "employed" by Moura Electric.

The next question is whether the L205 endorsement exclusion excludes Dupree's employee from coverage if Dupree is not a subcontractor.

L205 ¶ e(1) expressly excludes coverage for "employees" of "any insured." Dkt. 30-6 at 35. However, Section II of the Policy confusingly states that "an insured" includes "employees" acting

within the scope of their employment, but excludes "bodily injury"
to co-employees. Dkt. 30-6 at 19. Moura Electric argues that Dupree
is not "any insured" because the Policy excludes employees from
the definition of an insured for the purposes of bodily injury to
a "co-employee." The Policy does not define co-employee. While
policy exclusions are interpreted strictly against the insurer,
"[a]n interpretation which gives a reasonable meaning to all of
the provisions of a contract is to be preferred to one which leaves
a part useless or inexplicable." Sherman v. Emps.' Liab. Assurance
Corp., 178 N.E.2d 864, 866-67 (Mass. 1961). Courts are obligated
to interpret insurance policies in a manner which "best effectuates
the main manifested design of the parties." King v. Prudential
Ins. Co. of Am., 267 N.E.2d 643, 646 (Mass. 1971) (quoting Joseph
E. Bennett Co. v. Fireman's Fund Ins. Co., 181 N.E.2d 557, 561
(Mass. 1971)).

The term "any insured" has been construed broadly and
interpreted as "bar[ring] coverage of injuries suffered by
employees of any insured under the Policy," rather than just
employees of the insured seeking coverage. Nagog Real Estate
Consulting Corp. v. Nautilus Ins. Co., 474 F. Supp. 3d 459, 467
(D. Mass. 2020) (emphasis added). The underlying complaint states
that Stockbridge was an employee of Dupree, who is undoubtedly an
insured under the plain meaning of § II(2)(a) of the Policy. See
Dkt. 30-6 at 19. There is no allegation in the underlying

complaints that Stockbridge is a "co-employee." The L205 exclusion is best understood as broadly excluding all employees of all insureds from coverage, and Nautilus therefore has no duty to defend against Stockbridge's suit.

### B. L282 Exclusion

As discussed above, according to the state complaints, Dupree was an employee of Moura Electric and Stockbridge was Dupree's employee. The L282 exclusion, which only applies to contractors or subcontractors, does not exclude Stockbridge and Dupree from coverage. Accordingly, the Court **DENIES** summary judgment with respect to Counts III and IV. However, this issue is moot because there is no duty to defend under Counts I and II.

### III. **Chapter 176D § 3**

The Stockbridge Defendants allege that the Policy is illegal under Mass. Gen. Laws ch. 176D §§ 3(1)(a), 3(1)(e), and 3(2) because while the Policy is named a "commercial general liability policy," it excludes almost all coverage customarily provided in such policies. Chapter 176D § 3 prohibits misrepresentations as to "the benefits, advantages, conditions, or terms of any insurance policy," the use of "any name or title of any insurance policy or class of insurance policies misrepresenting the true nature thereof," and representations or statements "with respect to the business of insurance or with respect to any person in the conduct

of his insurance business, which is untrue, deceptive or misleading." Mass. Gen. Laws ch. 176D, §§ 3(1)(a), 3(1)(e), 3(2).

The Stockbridge Defendants point out that after all of the exclusions are applied, the only coverage afforded was property damage and "injury to 'an innocent bystander.'" Dkt. 43 at 9. Chapter 176D does not provide an independent private cause of action and "is enforceable only by the commissioner of insurance." Salvati v. Am. Ins. Co., 855 F.3d 40, 49 (1st Cir. 2017) (quoting Thorpe v. Mut. of Omaha Ins. Co., 984 F.2d 541, 544 n.1 (1st Cir. 1993)).

## ORDER

Nautilus' Motion for Summary Judgment (Dkt. 27) is **ALLOWED** with respect to Counts I (L205 - Stockbridge) and II (L205 - Dupree) and **DENIED** with respects to Counts III (L282 – Stockbridge) and IV (L282 - Dupree).

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge